1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SEAN K. TOOLE,                          No.  2:16-cv-0476 CKD P

12              Plaintiff,

13        v.                                 ORDER

14   ROSEVILLE POLICE DEPARTMENT, et
     al.,
15
              Defendants.
16

17   I.  Introduction

18          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

25   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's jail trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

                                           1

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2  II.  Screening Standard

3      The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15  III.  Complaint

16      Plaintiff alleges as follows:

17          On September 4, 2015 at approximately 3:45 a.m. . . . I was
18          walking to the store . . . when the police approached me asking
            questions, although I identified myself [by] name and not on parole
            or probation.   They believed I was someone else.   They used
19          excessive force.   I was hospitalized. They strangled me while
            kicking and punching me in the face, and I was beaten with the
20          stick, all while face down on the ground.   They separated [my]
            shoulder blade, broke my nose, cracked my ribs, and gave me a
21          concussion.

22  (ECF No. 1 at 3.)

23      The Civil Rights Act under which this action was filed provides:

24          Every person who, under color of [state law] ... subjects, or causes
            to be subjected, any citizen of the United States ... to the
25          deprivation of any rights, privileges, or immunities secured by the
            Constitution ... shall be liable to the party injured in an action at
26          law, suit in equity, or other proper proceeding for redress.

27  42 U.S.C. § 1983.

28  ////

2

1    Plaintiff names the Roseville Police Department as a defendant in this action.

2    "Municipalities and other local government units ... [are] among those persons to whom § 1983

3    applies."  Monell v. Dept. of Soc. Servs., 436 U.S. at 690.  However, a municipal entity or its

4    departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused

5    by employees acting pursuant to the municipality's policy or custom.  See Villegas v. Gilroy

6    Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–

7    94).  "[A]n act performed pursuant to a 'custom' that has not been formally approved by an

8    appropriate decisionmaker may fairly subject a municipality to liability on the theory that the

9    relevant practice is so widespread as to have the force of law."  Board of County Comm'rs. of

10   Bryan County v. Brown, 520 U.S. 397, 404 (1997).  Plaintiff has not alleged that any employee of

11   the Roseville Police Department acted pursuant to a policy or custom that violates his federal

12   constitutional rights.  Thus he does not state a claim as to this defendant.

13   Plaintiff also names Deputy Ball of the Roseville Police Department as a defendant.

14   However, plaintiff's allegations do not show that Ball committed any constitutional violation or

15   caused plaintiff harm.  To state a § 1983 claim, a plaintiff must allege facts showing each named

16   defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ]

17   in motion a series of acts by others which the actor [knew] or reasonably should [have known]

18   would cause others to inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-744

19   (9th Cir. 1978).  There must be an actual causal link between the actions of the named defendants

20   and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658,

21   691–92 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); May v. Enomoto, 633 F.2d 164,

22   167 (9th Cir. 1980).  Thus the complaint fails to state a claim against any defendant.

23   For these reasons, plaintiff's complaint must be dismissed.  The court will grant plaintiff

24   one opportunity to file an amended complaint.

25   IV.  Leave to Amend

26   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

27   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

28   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

1   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

2   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

3   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

4   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

5   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

6   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7           The Eighth Amendment prohibits cruel and unusual punishment.  "[T]he unnecessary and

8   wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth

9   Amendment."  Whitely v. Albers, 475 U.S. 312, 319 (1986).  "The Eighth Amendment's

10  prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition

11  de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

12  conscience of mankind."  Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v.

13  McMillian, 503 U.S. 1, 9 (1992)) (internal quotations omitted).

14          Not every malevolent touch by a prison guard gives rise to a federal cause of action.

15  Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  In

16  determining whether the use of force was wanton and unnecessary, courts may evaluate the extent

17  of the prisoner's injury, the need for application of force, the relationship between that need and

18  the amount of force used, the threat reasonably perceived by the responsible officials, and any

19  efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation

20  marks and citations omitted).

21          Plaintiff is informed that the court cannot refer to a prior pleading in order to make

22  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

23  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

24  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

25  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

26  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

27  and the involvement of each defendant must be sufficiently alleged.

28  ////

4

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 8, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / tool0476.14.new

5