UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN K. TOOLE, | No. 2:16-cv-0476 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROSEVILLE POLICE DEPARTMENT, et al., | |
| Defendants. | |

On April 8, 2016, plaintiff's complaint in this pro se prisoner civil rights action was dismissed for failure to state a claim. (ECF No. 6.) Before the court for screening is plaintiff's First Amended Complaint ("FAC"). (ECF No. 9.) See 28 U.S.C. § 1915A(a).

Plaintiff names the Roseville Police Department as the sole defendant. He alleges that he was walking to the store near his house when unnamed officers stopped him, placed him in a chokehold, and beat him, thinking he was someone else. In the beating, plaintiff allegedly sustained a broken nose, a sprained shoulder, a cracked rib, and a concussion. Plaintiff alleges that he was briefly hospitalized and then taken to jail. He claims that excessive force was used against him.

The FAC does not cure the defects of the original complaint as discussed in the April 8, 2016 screening order. The Roseville Police Department is not a proper defendant based on

1

plaintiff's allegations. Nor does plaintiff name any individual defendant who harmed him during the alleged events. However, given the seriousness of plaintiff's allegations, the undersigned will grant him one more opportunity to amend in an attempt to state a claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The First Amended Complaint (ECF No. 9) is dismissed for failure to state a claim.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

////
////
////
////

1  assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended
2  complaint in accordance with this order will result in dismissal of this action.
3  Dated: June 2, 2016

*[signature]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /tool0476.fac